IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                                        No.  06-40100-01-SAC

WENDELL ALFONSO HOLMES, JR.,

                Defendant.

MEMORANDUM AND ORDER

       The defendant Wendall Alfonso Holmes, Jr. pleaded guilty to the single-count indictment that charged him with being a felon in possession of a firearm.  The presentence report ("PSR") recommends a Guideline sentencing range of 37 to 46 months from a criminal history category of three and a total offense level of 19 (base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) (prior felony conviction of a crime of violence) plus two levels pursuant to § 2K2.1(b)(4) (stolen firearm) less a three-level reduction for acceptance of responsibility adjustment pursuant to § 3E1.1).  The addendum to the PSR reflects the defendant has one unresolved objection.

       As summarized in the addendum, the defendant objects to the stolen weapon enhancement.  He characterizes his objection as both a

legal and factual challenge that necessarily triggers the government's burden to prove this specific offense characteristic. Because the government has agreed in the plea agreement "to not advocate the application of any special offense characteristics," (Dk. 26, plea agreement, ¶ 5(e)), the defendant believes the court should sustain his objection.

The probation officer responds that the stolen firearm enhancement is based on police reports furnished by the government. Topeka Police Officer Ming prepared a report that reflects he entered the serial number of the seized firearm in a search of the National Crime Information Center database. The search results showed the firearm was stolen from Salina, Kansas.

The defendant offers no specific factual or legal basis for his objection. He does not refer to the NCIC check run on the firearm as reported by Officer Ming. He does not challenge the reliability of the NCIC check or Ming's report. He does not indicate having or knowing of other evidence to disprove that the gun was stolen. He offers no facts or legal arguments to oppose the application of this offense characteristic. Instead, he simply objects and stands on the government's obligation to prove that his objection is wrong and that the gun was stolen. In pointing to the

government's promise not to advocate a special offense characteristic, the defendant suggests the government will not offer such proof. As advocated, the defendant's objection appears more procedural posturing as to defeat a specific offense characteristic than objecting to an accurate determination of the sentencing facts or the proper application of the sentencing guidelines to the facts as determined.[1]

The court overrules the defendant's objection at this time. First, the government only agreed not to "advocate" a specific offense characteristic. This promise does not impact the government's right and duty to provide the court with correct factual information relevant to sentencing. *See United States v. Brye*, 146 F.3d 1207, 1211 (10th Cir. 1998). Indeed, the defendant recognized in the plea agreement here that the government would provide to the court and the probation office "all information it deems relevant to determining the appropriate sentence in this case." (Dk. 26, ¶ 14). Second, absent some tenable reason for questioning the reliability or accuracy of Ming's report or the underlying

---

[1] The commentary to § 6B1.4 plainly discourages parties from stipulating to "misleading or non-existent facts" and admonishes that the "parties should fully disclose the actual facts and then explain to the court the reasons why the disposition of the case should differ from that which such facts ordinarily would require under the guidelines."

3

NCIC check which should become part of the sentencing hearing record and which are represented as directly stating that the firearm was stolen, the court would follow the approach taken and approved in *United States v. Kiister*, 208 F.3d 227, 2000 WL 228301 (10th Cir.), *cert. denied*, 530 U.S. 1282 (2000).

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled without prejudice to its reconsideration at the sentencing hearing.

Dated this 6th day of March, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge